UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK ANTHONY LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:12-cv-847-SEB-DKL |
| ) | |
| OFFICER WILKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**E N T R Y**

**I.**

The discovery motion for west prompt court appearance [dkt 52] and the discovery motion for property rights and taking clause [dkt 53] have no relation to defendant Dirk Cushing. As to this defendant, therefore, those motions are **denied.**

**II.**

This is an action pursuant to the oft invoked 42 U.S.C. § 1983 against two police officers and a deputy prosecuting attorney, Dirk Cushing. The defendants are alleged to have violated the plaintiff's federally secured rights as he was charged with burglary and confined for that alleged offense. In particular, the plaintiff complains of the delay in filing or processing that charge.

Insofar as he is sued in his individual capacity, Cushing is entitled to absolute immunity from suit for his core prosecutorial actions *See Hartman v. Moore,* 547 U.S. 250, 261–62 (2006). This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, *Kalina v. Fletcher,* 522 U.S. 118, 129 (1997), and the

decision to file a criminal complaint. *See Spiegel v. Rabinovitz,* 121 F.3d 251, 257 (7th Cir. 1997) (state attorney's decision regarding which of two complaints should be prosecuted merited absolute prosecutorial immunity). "Moreover, absolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Smith v. Power,* 346 F.3d 740, 743 (7th Cir. 2003)(quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976), *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993), and *Henry v. Farmer City State Bank,* 808 F.2d 1228,1238 (7th Cir. 1986)).

Of course, not all conduct that occurs during the scope of a prosecutor's official duties is necessarily entitled to absolute immunity. *See, e.g., Auriemma v. Montgomery,* 860 F.2d 273, 277 (7th Cir. 1988) ("The fact that government attorneys are entitled to absolute immunity when performing many of the functions of their offices should not, however, be confused with a blanket grant of immunity for government attorneys. Absolute immunity is designed to protect the functions that particular government officials perform, not the government officials themselves."). In this case, however, all the actions attributed to Cushing were taken well within the scope of his core prosecutorial functions, making him absolutely immune from the plaintiff's claims.

Insofar as he is sued in his official capacity, the suit against Cushing is in all respects other than name against the State of Indiana. *See Bibbs v. Newman,* 997 F.Supp. 1174, 1178 (S.D.Ind. 1998); *Study v. U.S.,* 782 F.Supp. 1293, 1297 (S.D.Ind. 1991). Here, therefore, claims for damages against defendant Cushing in his official capacity are dismissed because the State of Indiana is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989)("[A] suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather is a suit against the official's

office"; states, their agencies, and officials sued in their official capacities for damages are not "persons" under ' 1983). Additionally, the Eleventh Amendment bars States and state officials acting in their official capacities from being sued in federal court. *See California v. Deep Sea Research, Inc.*, 523 U.S. 491, 501-02 (1998). Congress may abrogate a State=s Eleventh Amendment immunity from suit if it unequivocally expresses its intent to abrogate and it acts pursuant to a valid grant of constitutional authority. *Tennessee v. Lane,* 541 U.S. 509, 517 (2004). Absent such abrogation or a waiver by the State, the Eleventh Amendment also bars "official-capacity suits against state officials because the state is the real party in interest in such suits." *Meadows v. Indiana,* 854 F.2d 1068, 1069 (7th Cir. 1988). No waiver exists with respect to the official capacity claim against deputy prosecuting attorney Dirk Cushing.

Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). This can mean either that the complaint is insufficient "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). In this instance, there is no cognizable theory to support the liability of deputy prosecutor Dirk Cushing based on his alleged actions. Cushing's motion to dismiss [dkt 40] is therefore **granted.**

### III.

No final judgment shall issue at this time as to the claims dismissed in this Entry.

IT IS SO ORDERED.

Date: __12/30/2013__

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mark Anthony Lewis
2250 N. Capital Avenue
Indianapolis, IN 46208

Electronically Registered Counsel